The Honorable Curren Everett State Representative 9600 Highway 9 South Salem, AR 72576
Dear Representative Everett:
I am writing in response to your request for my opinion concerning Fulton County Ordinance No. 2005-10, which is entitled "An Ordinance Establishing a Comprehensive Land Use and Management Plan for Fulton County Arkansas" (hereinafter "Land Use Plan" or "Plan"). This ordinance was approved on July 11, 2005. As background for your questions, you report that "[t]he Ordinance was then published according to law but the Comprehensive Land Use and Management Plan which was adopted by reference in the Ordinance was not published." You have asked:
 1. Whether the above referenced Ordinance is valid and enforceable as published? i.e. The Ordinance itself was published according to law but the Comprehensive Land Use Management Plan adopted by reference in the Ordinance was not published.
 2. Whether such an Ordinance and Comprehensive Land Use and Management Plan is valid and enforceable as a proper exercise of the County's legislative authority?
RESPONSE
It is my opinion in response to your first question that the Ordinance is unenforceable by reason of the failure to set forth the Land Use Plan in the published Ordinance. I am unable to provide a definitive answer to your second question because this entails interpreting the Ordinance to ascertain the original intent. I will note several issues that may impact its enforceability; but I cannot undertake the construction or interpretation of the Ordinance.
Question 1 — Whether the above referenced Ordinance is valid andenforceable as published? i.e. The Ordinance itself was publishedaccording to law but the Comprehensive Land Use Management Planadopted by reference in the Ordinance was not published.
The General Assembly has designated certain state laws to which county legislative authority is subordinate. A.C.A. § 14-14-807
(Repl. 1998). These state laws operate as a "prohibition on the legislative power of a county acting other than as provided."Id. Among such state laws are "[a]ll state laws establishinglegislative procedures or requirements for county government[.]" Id. at subsection (2) (emphasis added). With regard to your particular question, therefore, the issue for resolution is whether the county followed procedures established by state law for the adoption of county ordinances.
In this regard, A.C.A. § 14-14-905 provides in relevant part:
(d) APPROVAL AND PUBLICATION.
 (1)(A) Upon passage, all ordinances or amendments shall be approved by the county judge within seven (7) days, unless vetoed, and shall become law without his signature if not signed within seven (7) days.
 (B) The ordinances or amendments shall then be published by the county clerk as prescribed by law.[1]
This establishes a general publication requirement for all ordinances; and this requirement is a prerequisite to the effectiveness of any county ordinance. Subsection (e) of §14-14-905 states:
(e) EFFECTIVE DATE.
 (1) No ordinance or amendment to existing ordinances other than an emergency ordinance or appropriation ordinance shall be effective until thirty (30) calendar days after publication has appeared.
A.C.A. § 14-14-905(d)(1) (Supp. 2005) (emphasis added).
Regarding emergency ordinances, such ordinances are effective prior to publication, but publication must be initiated within seven days after approval by the county judge. See A.C.A. §14-14-908(e) and (f) (Repl. 1998) and Henderson v. Russell,267 Ark. 140, 589 S.W.2d 565 (1979).
Because you have stated that Fulton County Ordinance No. 2005-10 adopted the Land Use Plan by reference in this instance, consideration must also be given to the following provisions of A.C.A. § 14-14-909 (Repl. 1998) regarding so-called "incorporation by reference":
 (b) Any county quorum court may adopt or repeal an ordinance that incorporates by reference the provisions of any code, or portions of any code, or any amendment thereof, properly identified as to date and source, without setting forth the provisions of the code in full. [Emphasis added.] Notice of the intent to adopt a code by reference shall be published after the second reading and prior to final adoption of the code. At least one (1) copy of the code, portion, or amendment which is incorporated or adopted by reference shall be filed in the office of the county clerk and there kept available for public use, inspection, and examination. . . .
See also A.C.A. § 14-14-903(c)(A) and (B) (Repl. 1998) (requiring that there be a "permanent record of all ordinances and resolutions in which each enactment is entered in full after passage and approval, except when a code or budget is adopted byreference[,]" in which case "the date and source . . . shall be entered." Emphasis added).
A "code" is defined under the statute as follows:
 For purposes of this section, `code' means any published compilation of rules which has been prepared by various technical trade associations, model code organizations, federal agencies, or this state, or any agency thereof, and shall include specifically, but shall not be limited to, building codes, plumbing codes, electrical wiring codes, health or sanitation codes, together with any other code which embraces rules pertinent to a subject which is a proper local county affair.
A.C.A. § 14-14-909(a).
Under a plain reading of this statute, the county may adopt by reference a compilation of rules that has been published by one of the named entities, i.e., "technical trade associations, model code organizations, federal agencies, or this state, or any agency there," and that pertains to a proper local affair. While the county must publish a "notice of intent" to adopt such a "code," it may enact an ordinance that incorporates the code by reference rather than setting forth its full text.
Having found no other similar legislation, I must conclude that the authority for adopting provisions by reference is limited to budgets, in accordance with A.C.A. § 14-14-903(c), supra, and published compilations as discussed above. With regard to your particular question, you state that while the Ordinance was published, the Land Use Plan was not, apparently under the assumption that it could be adopted by reference. Clearly, however, the Land Use Plan is not a "code" as contemplated by A.C.A. § 14-14-909. Accordingly, it was necessary that it be published. The attempt to adopt it by reference failed, in my opinion, because it was contrary to the legislative procedures prescribed by state law.
Question 2 — Whether such an Ordinance and Comprehensive LandUse and Management Plan is valid and enforceable as a properexercise of the County's legislative authority?
My uncertainty regarding several aspects of the Land Use Plan prevents me from definitively opining whether the Ordinance constitutes a proper exercise of the County's legislative authority. I note as an initial matter that the Plan appears to be primarily concerned with establishing policies and a "general planning framework" to "guide" land planning and the management of natural resources. See Land Use Plan at 3. These purposes would appear to fall within the County's general authority to initiate its own planning laws. See A.C.A. § 14-14-807(4) (Repl. 1998). But some of the language is problematic, in my view, in suggesting that the county is seeking to compel action by state and federal agencies. For instance, Section III ("General Policy") provides:
 State and federal agencies proposing actions that will impact the Fulton County Comprehensive Land Use and Management Plan shall notify the Fulton County Quorum Court of the onset of any such action. State and federal agencies shall prepare and submit in written text in a timely manner to the Fulton County Quorum court, proposals including by not limited to: purpose(s), objectives and estimated impacts, including economic, of such actions. Such document(s) shall be provided to the Fulton County Quorum Court for review and coordination prior to State or Federal action.
Plan at 3-4. See also Plan at 10 (stating with regard to "Water Resources and Policies" that "[a]ny and all state or federal proposals and/or policies regarding riparian management in Fulton County shall be coordinated with the Fulton County Quorum Court and shall comply with all county water use plans[;]" and that "[t]he Fulton County government shall be notified of all state, interstate and federal actions that have any impact on the water in the county prior to such action being initiated.")
The Land Use Plan speaks elsewhere in terms of establishing a county "policy" that state and federal agencies shall inform, consult, and coordinate with the County (see, e.g., Plan at 3, 9 (emphasis added)). The precise intent is unclear, however, in light of other language such as that quoted above. The latter language compels me to question the Plan's enforceability in this respect, given that I am unaware of any basis in law for the County to impose such requirements on the State or Federal government.
I must also note several potential issues regarding the "Natural Resources Planning Committee" (Plan at 5), also referred to as the "Land Use Committee" (id. at 7). The Land Use Plan states that this committee is composed of local citizens who were appointed by the Fulton County Judge (id. at 5), and charged with "the task of developing and recommending a land use plan that would provide a general planning framework." Id. at 7. The resultant "Comprehensive Land Use Plan for Fulton County Arkansas" is the subject of your request for an opinion. The Land Use Committee has a continuing role under the Land Use Plan, and it is this role that prompts further inquiry, in my opinion. The Plan states as follows regarding the Committee:
 This plan provides a positive guide for the land use committee and the Quorum Court to coordinate their efforts with state and federal agencies in the development and implementation of land planning, management and regulation actions which are compatible with the best interests of Fulton County and its citizens.
Plan at 7.
This clearly envisions the Committee's involvement in developing and implementing "land planning, management and regulation. . . ." See also Plan at 9 (declaring "rights that all lands in Fulton County . . . be managed in coordination with the land use committee, the quorum court and thereby, the citizens of Fulton County[;]" id. at 14 (stating that "[t]he land use committee will continue to monitor all activities applicable to this Comprehensive Land Use Plan and to make recommendations to the Quorum Court concerning those actions.")
The Plan does not further detail the role or function of the Committee. While the involvement of a citizens committee in these matters is not necessarily problematic, it is my opinion that greater insight into the exact powers and functions of this Committee would be necessary to conclusively decide the matter. This observation is compelled by A.C.A. § 14-14-807 which, as noted above in response to your first question, designates certain state laws to which county legislative authority is subordinate. Most relevant to the question at hand, these state laws include "[a]ll laws which regulate planning or zoning."Id. at subsection (4) (emphasis added). This Code section goes on to provide that a quorum court is specifically "empowered to initiate its own planning and zoning laws[.]" Id. It cannot do so, however, in a manner that conflicts with state law. Id. Seealso A.C.A. §§ 14-14-808 and -809. In this regard, I believe it is important to note that state law authorizes the creation of a "county planning board" whose general purpose is:
 To promote public interest in planning, to prepare or have prepared plans for the county, to receive and make recommendations on public and private proposals for development, to prepare and transmit to the county quorum court recommended ordinances implementing plans, and to advise and counsel the county judge, the court, and other public bodies on planning-related matters.
A.C.A. § 14-17-205(a) (Repl. 1998).[2]
A planning board's specific authority includes the following:
 The board may prepare and recommend an official plan for the development of the county. The board shall have the authority to confer with federal, state, municipal, and other county and regional authorities regarding matters pertaining to or affecting the planning or development of the county, or vice versa, for the purpose of assuring proper coordination of county development with that of other political subdivisions.
Id. at -205.
The powers, duties, and functions of a "planning board" are relevant to your question concerning the enforceability of the Ordinance only to the extent of prompting the admonition that the Quorum Court is the only entity other than the planning board that is authorized to perform such duties and functions. State law authorizes a quorum court to "elect to assume the powers, duties, and functions of the [planning] board." A.C.A. §14-17-203(f). In my opinion, this forecloses assignment to any other entity because the quorum court cannot legislate contrary to state laws which regulate planning. A.C.A. § 14-14-807(4),supra. Cf. Op. Att'y Gen. 1999-022 (opining that it would be permissible for the Washington County Quorum Court to assume the duties of the planning board and then assign the work to a subcommittee of the Quorum Court).
I cannot opine further as to the relevance of the above discussion in this instance beyond noting that there may be an issue, depending upon whether and to what extent the Land Use Committee fulfills a purpose and performs functions similar to a county planning board. Further inquiry in this regard would require that I construe the Ordinance and engage in a factual review, matters that I am neither equipped nor authorized to undertake. See generally Op. Att'y. Gen. 2005-007 and opinions cited therein (noting that this office is not well situated to decide factual issues or construe local ordinances).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] The publication requirements are as follows:
 (a) Unless otherwise specifically provided, when a county government is required to publish, publication shall be by a one-time insertion in a newspaper of general circulation in the county.
 (b) Where no newspaper of general circulation exists in a county, publication may be made by posting in three (3) public places which have been designated by ordinance.
A.C.A. § 14-14-104 (Repl. 1998).
[2] The county judge creates the planning board, with the approval of a majority of the quorum court. A.C.A. §14-14-203(a).